7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Michael ORR, Defendant-Appellant.
 No. 92-5423.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 21, 1992.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-218-P)
 Kenneth M. Smith, Smith, Helms, Mullis & Moore, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Patrice P. Lewis, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 DISMISSED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 After pleading guilty to possession by a convicted felon of a firearm in violation of 18 U.S.C.A. §§ 922(g) & 924(e) (West 1985 & Supp. 1992), John Michael Orr was sentenced by the district court to 180 months in prison. Orr appeals, contending that the district court improperly enhanced his sentence under 18 U.S.C.A.s 924(e). We find that Orr waived his right to appeal; consequently, we grant the Government's motion to dismiss the appeal.
 
 
 2
 On December 2, 1991, Orr was indicted on one count of possession by a convicted felon of a firearm that had been shipped and transported in interstate commerce. The Government notified Orr that it planned to seek an enhanced sentence pursuant to 18 U.S.C.A. § 924(e), based on a prior drug conviction and two prior breaking and entering convictions. The parties then entered a plea agreement under which Orr agreed to plead guilty to the one count in the indictment. As part of the plea agreement, Orr agreed to waive the right to appeal:
 
 
 3
 The defendant knowingly and expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. Similarly, the defendant agrees not to contesteither the conviction or the sentence in any postconviction proceeding, including, but not limited to, any proceeding under Title 28, United States Code, Section 2255.
 
 
 4
 Following a Fed. R. Crim. P. 11 inquiry hearing,[1] the district court accepted Orr's guilty plea.
 
 
 5
 Orr had three North Carolina convictions which the presentence report indicated satisfied the requirements for sentence enhancement for an armed career criminal under § 924(e)(1): (1) a 1978 breaking and entering and larceny conviction; (2) a 1986 breaking and entering conviction; and (3) a 1989 drug conviction. Orr objected to being classified as an armed career criminal for purposes of sentence enhancement, arguing that the 1986 felonious breaking and entering conviction did not constitute a predicate offense under United States Sentencing Commission, Guidelines Manual,s 4B1.2 (Nov. 1991), because he alleged that he eliminated the risk of physical harm before he committed the crime. At his sentencing hearing, Orr asked the court to conduct a factual inquiry of this conviction. The district court refused to do so, and sentenced Orr to 180 months in prison.
 
 
 6
 Orr filed a timely notice of appeal. The Government filed a motion to dismiss the appeal on the ground that Orr had waived his right to appeal. This Court deferred ruling on the Government's motion until after argument on the merits. Having received and considered the parties' briefs, we now address the motion to dismiss.
 
 
 7
 The Government contends that Orr's appeal should be dismissed because he stated in the plea agreement that he"knowingly and expressly waive[d] the right to appeal whatever sentence is imposed on any ground." It is well established that the Constitution does not guarantee the right to an appeal. Abney v. United States, 431 U.S. 651, 656 (1977). This Court consistently has held that a defendant may waive his statutory right to appeal his sentence if the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Orr does not contest that his appeal waiver was knowingly and voluntarily made.[2]
 
 
 8
 Orr's sole challenge to the motion to dismiss is that it should not be granted because the sentencing court failed to make a factual inquiry into Orr's 1986 breaking and entering conviction and that the factual inquiry would have revealed that the crime was not one that would qualify Orr as an armed career criminal. Therefore, Orr argues that the court erroneously enhanced his sentence under 18 U.S.C.A. § 924(e) and thereby "frustrated the purpose of the Plea Agreement." Specifically, Orr claims that by failing to make a factual inquiry into his 1986 conviction, the court improperly applied the enhancement provisions.
 
 
 9
 Although in some circumstances an improper sentence justifies an appeal even where the defendant has voluntarily and knowingly waived his right to appeal, in Marin this Court held that allegations of improper application of the Guidelines do not:
 
 
 10
 [A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race. However, the sentence that Marin seeks to appeal is not such a sentence. Assuming the district court committed the errors that Marin alleges, his complaints at most rest on an improper application of the guidelines and a violation of a procedural rule.
 
 
 11
 Marin, 961 F.2d at 496. Orr does not claim that he received a sentence in excess of the maximum penalty for his crime or that his sentence was based upon a constitutionally impermissible factor. He claims only that the district court improperly applied sentence enhancement provisions. This allegation is insufficient to overcome Orr's waiver of his appeal.
 
 
 12
 For these reasons, we grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aide the decisional process.
 
 DISMISSED
 
 
 [1]
 The parties did not include a transcript of the Rule 11 hearing in the joint appendix
 
 
 [2]
 At the sentencing hearing, the judge erroneously told Orr he had the right to appeal. In United States v. Wessells, 936 F.2d 164 (4th Cir. 1991), this Court held that an appeal waiver is not knowingly made when counsel tells his client that he may appeal and the judge confirms this advice during the Rule 11 colloquy. Id. at 168. Even if Orr were to argue that his waiver was unknowing and involuntary, we would disagree as Wessells is distinguishable from Orr's situation. The record does not reveal that Orr's counsel made any erroneous statement which the court reaffirmed at the Rule 11 colloquy, nor does Orr claim that he relied on any such statement to conclude that his waiver was involuntary. In addition, Orr does not contend that the district judge failed to question him on his waiver during the Rule 11 colloquy. See Marin, 961 F.2d at 496